# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-295** |
| **CALVIN ALEXANDER** | **SECTION I** |

## ORDER AND REASONS

Defendant, Calvin Alexander ("Alexander"), has filed a motion[1] pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure seeking the return of certain property seized by the government. Specifically, Alexander argues that the government improperly seized[2] (1) $1,800 in cash from his wife's purse[3] during the execution of a search warrant at Alexander's residence on October 14, 2015 and, several days later, (2) a 2000 Chevrolet Tahoe registered in Alexander's name but used by Alexander's wife.[4] Alexander asserts that the money was improperly seized because it is not the proceeds of a drug transaction and that the vehicle was improperly seized because it is not an instrumentality of a drug transaction. He further alleges that the return of the property is necessary because its continued possession by the government is causing substantial hardship to his wife. Alexander asks that the Court hold an evidentiary hearing to resolve the motion.[5]

---

[1] R. Doc. No. 97.

[2] Specifically, Alexander alleges that an agent from the U.S. Drug Enforcement Administration and a Tangipahoa Parish Sheriff's office ("TPSO") deputy seized the cash, R. Doc. No. 97, at 1, and that "the DEA" seized the vehicle. R. Doc. No. 97-1, at 2.

[3] Neither party addresses whether Alexander has standing to contest the seizure of the cash located in his wife's purse.

[4] R. Doc. No. 97, at 1.

[5] R. Doc. No. 97, at 2.

The government has filed an opposition[6] in which it responds that the TPSO, which seized the Chevrolet Tahoe, has agreed to return the vehicle to Alexander or his wife.  According to the government, Alexander's request as to the vehicle is therefore moot.[7]  With respect to the cash, the government avers that it does not have possession of the $1,800 and, consequently, Alexander's request must be denied.  For the following reasons, the Court agrees with the government that Alexander has not carried his burden under Rule 41(g) and that the motion should be denied.

## LAW AND ANALYSIS

"A person whose property has been seized by the government may file a motion under Federal Rule of Criminal Procedure 41(g), formerly codified in Rule 41(e), for the return of the property."  *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014).  Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." *Oduu*, 564 F. App'x at 130.  "A finding that the government actually possesses the property sought is a necessary predicate to the resolution of a Rule 41(g) motion." *Id.*

First, the government is correct that its return of the Chevrolet Tahoe renders moot Alexander's motion for return of that vehicle.  Because the government admits that return of the vehicle is proper, however, the Court will order the Tahoe returned to Alexander, assuming that

---

[6] R. Doc. No. 100.
[7] R. Doc. No. 100, at 4 (citing *Adeleke v. United States*, 355 F.3d 144 (2d Cir. 2004) (government return of property renders Rule 41(g) motion moot)).

the TPSO has not already done so.  Second, with respect to Alexander's claim regarding the cash, the motion raises the interesting question of whether Rule 41(g) is the proper vehicle for demanding the return of property allegedly stolen by government agents.

In *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003), Judge Posner considered whether Rule 41(g) or an action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), is the proper means for obtaining relief when such allegations are made.  Judge Posner stated:

> But what if relief under Rule 41(g) is sought against individual officers rather than against the United States, because the government has disposed of the property to them (or maybe they never turned it over to the government)? . . . Since in the usual case the only relief sought by the Rule 41(g) motion is return of the property *by the government*, the fact that the government doesn't have it is ordinarily a conclusive ground for denial of the motion.  But an action for the return of property is necessarily directed against the custodian.  If the federal government's agents have secreted or sold the property that they unlawfully seized while exercising investigative powers with which the government had clothed them, the owner of the property is entitled to seek the return of the property or its proceeds from them.  Otherwise the government could defeat a motion under Rule 41(g) simply by transferring the property to one of its agents.  It is no answer that if they hold it as the agents of the government and the government is ordered to return it, they must return it.  Of course they must.  The question is the procedure the owner should follow to get it back from them.  One possibility would be to direct his Rule 41(g) motion to them.  Yet the case would be squarely in the sights of *Bivens* and there are obvious objections to multiplying remedies without compelling need.

*Okoro*, 324 F.3d at 491 (citations omitted and emphasis in original).  Ultimately, the Seventh Circuit determined that "[w]e need not penetrate further into this thicket [because] [t]he suit should have been dismissed" on other grounds.[8]  *Id.*

Somewhat more recently, the U.S. Court of Appeals for the Fifth Circuit appears to have implicitly embraced the view that a *Bivens* action, not Rule 41(g), is the correct vehicle for seeking return of property supposedly stolen by government agents.  In *Bailey v. United States*, 508 F.3d

---

[8] The Court can locate no other appellate court opinions addressing this issue.

736 (5th Cir. 2007), the Fifth Circuit considered whether the district court erred in dismissing the convicted defendant's Rule 41(g) motion for return of property.  The Court first observed that, because the defendant's criminal case had concluded, the district court "properly construed [his motion] as a civil complaint under the court's general equity jurisdiction under 28 U.S.C. § 1331." *Id.* at 738.  Thus the lower court's dismissal of the defendant's claim effectively operated as summary judgment in favor of the government.  *Id.  See also Oduu*, 564 F. App'x at 130 ("When a defendant files a Rule 41(g) motion after the criminal proceedings have concluded, [courts] treat the motion as a civil action under 28 U.S.C. § 1331 and treat the district court's denial of that motion as a grant of summary judgment in favor of the government.").

The Fifth Circuit then addressed whether summary judgment was properly granted.  Because the government bore the burden of demonstrating that it did not unlawfully possess the property,[9] the Court held that conflicting evidence in the record required remand for a determination of whether the government actually possessed the currency sought by the defendant. *Bailey*, 508 F.3d at 739.  The Court issued the following directive to the district court:

> If the district court finds that the government no longer possesses the currency Bailey seeks, his motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g).  The district court should, however, consider allowing Bailey the opportunity to amend his pleadings to assert any claim he may have under *Bivens*, or other applicable law.  See *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998).

*Id.* at 740 (certain citations omitted).[10]

---

[9] When criminal proceedings have ended, the burden on a Rule 41(g) motion shifts to the government.  *Oduu*, 564 F. App'x at 130.

[10] On remand, the lower court permitted the defendant to amend his complaint in order to assert a *Bivens* claim: "[E]ven if $11,054 were seized from plaintiff at the time of his arrest but not turned over to the Marshal's Service for forfeiture, the only possible explanations are that the money was stolen by an individual agent, or lost.  To address the possibility that the money was stolen, plaintiff has brought a *Bivens* claim against DEA agent Jeff Kennemer and the action is discussed below."

In this case, unlike in *Bailey*, the burden on the Rule 41(g) motion is on Alexander and not on the government. *Oduu*, 564 F. App'x at 130. Alexander has offered no evidence to contradict the government's assertion that it does not have the $1,800 in its possession. While he requests an evidentiary hearing in order to present evidence that the cash was seized by federal agents, Alexander is precluded from recovering the money through a Rule 41(g) motion even if his allegations are true. *See Bailey*, 508 F.3d at 739. A *Bivens* action is instead the appropriate method of recovering money allegedly stolen by federal agents.

Furthermore, while the Fifth Circuit recommends affording a defendant such as Alexander the opportunity to amend his complaint to assert a *Bivens* claim, that recommendation does not apply here. Because Alexander's criminal proceedings have not yet concluded, the Court does not treat his Rule 41(g) motion as instituting a civil action. *See id.* at 130. Accordingly there is no complaint for Alexander to amend in order to assert his *Bivens* claim.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion for return of property is **DENIED** with respect to the $1,800 in cash. With regard to the Chevrolet Tahoe, the TPSO is **ORDERED** to return the vehicle to defendant or his wife, if it has not already done so.

New Orleans, Louisiana, July 6, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

*Bailey v. United States*, No. 06-168, 2009 WL 577462, at *5 (S.D. Tex. Mar. 4, 2009). The court then rejected the defendant's *Bivens* claim as untimely. *Id.* at *6.