UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 15-295** |
| **v.** | * | **SECTION: "I"** |
| **CALVIN ALEXANDER** | * | |

\* \* \*

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH
DEFENDANT'S SUBPOENAS DUCES TECUM**

**NOW INTO COURT** comes the United States of America, represented herein by the undersigned Assistant United States Attorney, and hereby respectfully submits this memorandum in support of its motion to quash defendant's subpoenas *duces tecum* (Rec. Docs. 153, 155).

**SUMMARY OF ARGUMENT**

On October 13, 2016, defendant Calvin Alexander requested, under Rule 17(c), that two subpoenas *duces tecum* be issued to the St. Bernard Parish Prison and the St. Tammany Parish Prison[1] for incarceration records and recorded telephone calls of one of the government's potential witnesses, Don Raines. Subsequently, on October 17, 2016, defendant issued another subpoena to the Tangipahoa Parish Jail seeking the same records. However, defendant's subpoenas fail to satisfy the standard of *United States v. Nixon*, 418 U.S. 683, 698-99 (1974) in that defendant has not established that the materials he seeks are "evidentiary and relevant." Instead, defendant is utilizing the Court's subpoena power to engage in a prohibited fishing expedition. Further, to the extent defendant is seeking evidence to impeach Mr. Raines, defendant is not entitled to utilize Rule 17(c) subpoenas for such a purpose. Consequently, the government respectfully requests that this Court grant the government's motion to quash.

---

[1] It appears that defendant mistakenly issued the subpoena to St. Tammany Parish Prison, instead of Tangipahoa Parish Prison, which is where Don Raines was previously incarcerated.

## BACKGROUND

Between approximately November 1, 2014 until October 16, 2015, defendant Calvin Alexander and co-defendant Baron Smith conspired to distribute heroin and cocaine base, as charged in count 1 of the superseding indictment. (Rec. Doc. 77.) In furtherance of that conspiracy, defendant distributed heroin to Eric Ferrara on February 14, 2015, which led to Ferrara's death by overdose; and on October 9, 2015, defendant and co-defendant Baron Smith murdered Quandell Beard and Elliot Smith, in order to retaliate against the victims for an earlier robbery and to protect defendant's drug enterprise. (*Id*.) Defendant procured the double murders by paying a quantity of heroin and cocaine base to two of his co-conspirators, Don Raines and Travon Pitts, in consideration for their participation in the murder-for-hire. (*Id*.) Both Don Raines and Travon Pitts have pled guilty to violating 18 U.S.C. § 924(j) (murder through use of a firearm), (Rec. Docs. 50, 52) and both executed factual bases describing their and defendant's participation in the murder scheme. (Rec. Docs. 51, 53.) Travon Pitts died before this matter proceeded to trial, and consequently will not be a witness. (Rec. Doc. 116.) The government anticipates that Don Raines will potentially testify in the government's case-in-chief at trial. This case is currently scheduled for trial on December 19, 2016.

At the end of September, counsel for the defendant, Mr. Peter Strasser, Esq., informed the undersigned that he was likely to issue subpoenas *duces tecum* for incarceration records and recorded telephone calls of Don Raines. Subsequently, Special Agent Justin Stitt, of the Drug Enforcement Administration, spoke to representatives from St. Bernard Parish Prison and Tangipahoa Parish Prison. Both prison representatives were asked to search their records for any telephone calls between Don Raines and telephone numbers utilized by the undersigned, AUSA Maurice Landrieu (who was formerly assigned as the lead AUSA in this case), SA Stitt (who is

currently the case agent) and SA Chad Scott (who was formerly the case agent). SA Stitt was informed that no such calls existed. No records were provided to SA Stitt at the time, nor have any jail calls or incarceration records been provided to the government to date.

On October 12, 2016, the undersigned and counsel for defendant, Mr. Peter Strasser, conducted a telephone conference before the Honorable Joseph C. Wilkinson, Jr. (Rec. Doc. 151.) During that conference, Mr. Strasser indicated that he intended to issue subpoenas *duces tecum* under Rule 17(c) for incarceration records related to Don Raines, including recorded telephone calls. The government stated that it intended to move to quash. On the next day, October 13, 2016, subpoenas were issued to the St. Bernard Parish Prison and St. Tammany Parish Prison. On October 17, 2016, an additional subpoena was issued to the Tangipahoa Parish Jail. Those subpoenas requested that the parish prisons produce: "1 – copies of the up-to-date incarceration records of federal inmate Don Raines; and 2 – copies of the up-to-date recorded phone calls of federal inmate Don Raines." (Rec. Docs. 153, 155.) The government respectfully requests that this Court quash defendant's subpoenas.

## ARGUMENT

The aforementioned subpoenas *duces tecum* were issued by defendant pursuant to Federal Rule of Criminal Procedure 17(c). That rule provides that a party may issue a subpoena ordering a witness to produce "any books, papers, documents, date, or other objects the subpoena designates." However, under Rule 17(c)(2), on a motion made promptly, "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." In *United States v. Nixon*, 418 U.S. at 698-99, the Supreme Court interpreted Rule 17(c), and recognized "certain fundamental characteristics of the subpoena *duces tecum* in criminal cases." Specifically, Rule 17(c) subpoenas were "not intended to provide a means of discovery for criminal cases," and the

"chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Id.* (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951)). Moreover, the Court held the party issuing the subpoena must show:

> (1) That the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.* at 699-700.[2] Furthermore, the burden is on the party requesting the subpoenas to demonstrate that the subpoenaed document is "relevant, [ ] it is admissible, and [ ] that it has been requested with adequate specificity." *United States v. Butler*, 429 F.3d 140, 149 (5th Cir. 2005).

Several courts have addressed Rule 17(c) subpoenas in the context of requests for incarceration records and prison telephone calls. For example, in *United States v. Rivera*, No. 13-CR-149, 2015 WL 1540517 (E.D.N.Y. Apr. 7, 2015), the court denied defendant's request for subpoenas "of telephone and email communications made by cooperating witnesses from any jail facility and the pertinent call logs." *Id.* at *3. The *Rivera* court held that defendant's request did not satisfy the admissibility, relevance, or specificity requirements under *Nixon*. Moreover, it rejected defendant's argument that the subpoenaed materials would be relevant based on defense counsel's speculation that "often communications by inmates discuss pressure or inducements offered by the government, personal grudges or biases against the defendant on trial, and attempts to fabricate testimony." *Id.* at *4 (internal quotations and brackets omitted). The court

---

[2] The issue of the government's standing to move to quash the subpoenas is not relevant here, as "whether the government has standing, the Court is obligated under Rule 17 to assess each subpoena for compliance with the *Nixon* factors." *United States v. Richardson*, No. 13-86, 2014 WL 6475344, at *2 (E.D. La, Nov. 18, 2014); *see also United States v. Hankton*, No. 12-1, 2014 WL 688963, at *2 n. 1 (E.D. La. Feb. 21, 2014); *United States v. Weissman*, No. 01 CR 529, 2002 WL 31875410, at *1 n. 1 (S.D.N.Y. Dec. 26, 2002) ("it is the Court's responsibility to ensure that the subpoena is for a proper purpose and complies with the requirements of Rule 17(c).")

held that defendant's "speculative requests" constituted the "type of fishing expeditions which are expressly prohibited under Rule 17." *Id.* (internal quotations and brackets omitted). Indeed, the court found that defendant had not even demonstrated "articulable suspicion" that the subpoenaed documents were relevant, admissible, and specific. *Id.*; *see also United States v. Barnes*, 560 Fed. Appx. 36, 39 (2d Cir. 2014) (district court did not abuse its discretion when it quashed subpoena by defendant for, *inter alia*, incarceration records, telephone calls, and emails of cooperating government witnesses.")

Moreover, *United States v. Crews*, No. 10-663-4, 2012 WL 93176 (E.D. Penn. Jan. 12, 2012), is also instructive. There, defendant moved for an order authorizing the issuance of subpoenas for recorded phone calls and visitor logs for two potential government witnesses. Further, at a hearing on his motion, defendant testified that he believed that the cooperating witnesses were "coercing/coordinating the testimony [of other individuals] against him based on three sources of information." *Id.* at *3. Defendant further testified that the basis of his belief was three-fold: (1) conversations he had with one of the cooperating witnesses; (2) conversations he had with co-defendants in his case; and (3) conversations he had with an individual who placed three-way calls with one of the cooperators. *Id.* The court noted that defendant "did not identify any specific phone calls or visitor logs" he sought to subpoena under Rule 17(c). *Id.* at *4. Instead, the defendant was "engaged in a fishing expedition, merely hoping to find material that he may be able to use to impeach the Government's witnesses against him." *Id.* (citing *United States v. Merlino*, No. 99-0363, 2001 WL 283165, at *7 (E.D.Pa. Mar. 19, 2001). Consequently, the court denied defendant's motion for the subpoenas. *See also Merlino*, 2001 WL 283165, at *7 (subpoena for recordings of prison telephone calls of cooperating witnesses was fishing expedition and improperly sought pretrial production of impeachment evidence).

Here, defendant has failed to satisfy his burden to demonstrate that relevant and specific evidence will be found in either Don Raines's incarceration records or recorded telephone calls. Further, defendant has not identified any specific telephone calls where such materials would be likely to be found. Indeed, defendant has not demonstrated *any* basis to believe that such evidence will be found in the subpoenaed materials except for his rank speculation. Consequently, this presents an even more compelling case than *Crews* for quashing defendant's subpoenas because at least in *Crews*, defendant had some minimal basis (albeit self-serving) for believing that the cooperating witnesses were coordinating or coercing testimony of others. At best, defendant may contend that for instance, inmates commonly discuss "pressure or inducements offered by the government," *see Rivera*, 2015 WL 1540517, at *4, although the above-cited cases demonstrate that this type of general speculation is not sufficient to establish the *Nixon* specificity requirement. If anything, it appears that there are unlikely to be such conversations in the subpoenaed materials, based on the fact that the parish prisons have identified no telephone calls between Don Raines and the prosecutors or case agents assigned to this case. The simple fact is that defendant does not know who Don Raines spoke to over the telephone (except now he knows that he did not speak to the prosecutors or case agents), he does not know whether Don Raines ever discussed his cooperation or this case over the telephone, and importantly, he does not know whether any specific relevant evidence is located on those calls. On that basis alone, defendant's subpoenas-cum-fishing-expedition should be quashed.

Furthermore, even assuming arguendo that defendant had knowledge that Don Raines engaged in specific telephone calls during which he discussed the benefits provided by the government for his cooperation, or his bias against the defendant, or any theoretical coordination between himself and others, such evidence would only be impeachment evidence, and therefore,

6

would nevertheless fail the admissibility prong of the *Nixon* test. Courts have recognized that impeachment evidence is not properly the subject of a Rule 17(c) subpoena. *See Crews*, 2012 WL 93176, at *4 (subpoena for prison call recordings sought only impeachment evidence, which is "'not admissible for any evidentiary purpose prior to trial,'" and "is not ordinarily subject to pre-trial subpoena under Rule 17."); *United States v. Tillman*, No. 08-254, 2009 WL 3401721, at *1 (W.D. Pa. Oct. 20, 2009) (subpoena for jail call recordings was sought for the "sole purpose of impeaching the testimony" of government witnesses, and therefore is not subject to pre-trial disclosure under Rule 17(c)); *Merlino*, 2001 WL 283165, at *6-7 (same); *see also United States v. Hughes*, 895 F.2d 1135, 1145-46 (6th Cir. 1990) (Rule 17(c) subpoena to a third party for impeachment material improper); *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) (quashing Rule 17(c) subpoena seeking only materials for impeachment purposes because "[t]his use is generally insufficient to justify the pretrial production of documents, and [there is] no basis for using a lesser evidentiary standard merely because production is sought from a third party."). Defendant's subpoenas here are not distinguishable from the above-cited authority, and therefore, should be quashed.[3]

As a final note, denying the government's motion to quash defendant's subpoenas is not without risk to Don Raines and those close to him. During the recent telephone conference, Judge Wilkinson authorized delivery of the subpoenaed materials directly to Mr. Strasser, with a copy to be provided to the government. Unlike grand jury materials, there does not appear to be a secrecy provision governing trial subpoenas issued under Rule 17(c). Although the government does not believe that Mr. Strasser would publicly disclose the subpoenaed materials,

---

[3] In addition to failing the *Nixon* factors, defendant's subpoena for jail also run afoul of Rule 17(h), which prohibits the use of a subpoena to obtain prior statements by a prospective witness. For the same reasons, the request violates Rule 26.2(a) and 18 U.S.C. § 3500(a), which govern the timing and substance of the production of prior witness statements.

certainly Mr. Strasser would be likely to provide a copy to the defendant for his review. This is the same individual who is charged with committing a heinous double murder motivated by revenge, and who also has been charged with obstructing justice with respect to the other cooperating witness, Travon Pitts. Once the subpoenaed materials are provided to defendant, there is virtually nothing stopping defendant from identifying Don Raines's family and acquaintances from the calls, and from using that information to further obstruct justice or to seek retribution. Defendant's subpoenas fail the *Nixon* factors, and therefore, should be quashed.

## CONCLUSION

Because defendant has not satisfied his burden to demonstrate that the subpoenaed materials constitute admissible, relevant, or specific evidence, and because he is engaged in a purely speculative fishing expedition, his subpoenas *duces tecum* should be quashed.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


/s/ Jonathan L. Shih
JONATHAN L. SHIH
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3073
Email:  jonathan.shih@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

/s/ Jonathan L. Shih
JONATHAN L. SHIH
Assistant United States Attorney